## In re SPECIALTY CANDY CO.

### ROCKWOOD & CO. v. HUMMEL.

(Circuit Court of Appeals, Seventh Circuit. December 14, 1923.)

### No. 3303.

Bankruptcy ⊚⟹165(3)—Mortgage made within four months held enforceable.

A creditor which made a loan to bankrupt within four months prior to bankruptcy, but without reason to believe that bankrupt was insolvent, for part of which loan it advanced cash to pay off a prior mortgage on the property, and for the remainder gave bankrupt a credit, no part of which was applied on prior indebtedness, *held* entitled to enforce the mortgage for the amount of the advance and the price of the goods thereafter sold bankrupt against the credit.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

In the matter of the Specialty Candy Company, bankrupt; Fred E. Hummel, trustee. Rockwood & Co. appeal from a judgment denying its claim to a chattel mortgage lien. Reversed.

Frank Michels, of Chicago, Ill., for appellant.

Garfield Charles, of Chicago, Ill., for appellee.

Before BAKER, EVANS, and PAGE, Circuit Judges.

PAGE, Circuit Judge. In May or June, 1922, the predecessor of bankrupt, a copartnership, candy makers in Chicago, owed appellant $3,000 or $4,000 for chocolate coatings. Time for payment was extended and notes were taken. Appellant's salesmen then took up negotiations for a loan from appellant to bankrupt. Bankrupt was incorporated in June, took over the partnership business, and assumed its liabilities. The loan was consummated on September 18th for $10,000, and was secured by a chattel mortgage on bankrupt's machinery and equipment.

⊚⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In the meantime, bankrupt had been making payments on its merchandise notes to appellant, and had received $2,000 additional credit. Of the loan, appellant paid in cash $2,000, and that was used, together with $500 furnished by bankrupt, to pay a $2,500 balance of an old chattel mortgage on bankrupt's property. For $8,000 of the loan appellant gave bankrupt credit, to be used, as provided in a written agreement then made between the parties, "to purchase chocolate for use in its business." As against that credit, bankrupt, before bankruptcy proceedings were commenced against it on November 24th, had received $5,800 in merchandise.

In the bankruptcy proceedings appellant, by petition, set up its mortgage rights, and asked that it be given the mortgaged property. By stipulation the property was sold, and brought $9,368.80. The proceeds were to be held awaiting the determination of appellant's rights, which were contested by the trustee in bankruptcy on the ground that the mortgage was given, within four months of bankruptcy, to secure an old indebtedness, and that bankrupt was then known by appellant to be insolvent.

There is nothing in the record to show that the property statement made by bankrupt's predecessor to appellant on May 1, 1922, and which showed clearly that the business was then solvent, was untrue, or that appellant had any reason to believe it was untrue. The only thing to which the court's attention was directed that occurred thereafter was the protest of a note for $450 on September 11th, but it was paid two days later. The mortgage was not given to secure past-due indebtedness, and there is nothing in the record to show that bankrupt was insolvent when the mortgage was given or that appellant had any reason to suspect that it was then insolvent.

The referee found that appellant, as part of the loan, gave bankrupt $2,000 towards paying off the old chattel mortgage, and that, against the credit of $8,000, bankrupt had, before bankruptcy, received $5,800 in chocolate coatings, and also, after negotiations for the loan were started, but before the mortgage was given, had granted additional credit to bankrupt of $2,000. Based on the referee's finding, he reported that appellant was entitled, under its mortgage, to be paid the $2,000 credit given after negotiations for the loan started, but before it was consummated, and that there should also be paid from the mortgage sale proceeds $5,800 for chocolate coatings delivered, as against the $8,000 credit and $2,000 cash given to pay the old mortgage. The District Court reversed the findings of the referee, and this proceeding is to test the correctness of that reversal.

The mortgage was not given to secure any past-due indebtedness, and the credit advanced after negotiations commenced, but before September 18th, was not secured by the mortgage. The $2,000 cash and the $5,800 worth of chocolate coatings received by bankrupt against the $8,000 credit represented a then present fair cash consideration for the mortgage to the extent of $7,800, and interest from September 18, 1922, and should be paid to appellant from the proceeds of the mortgage sale.

The order of the District Court is reversed, with direction to proceed in harmony with this opinion.